IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SHAKARA LATRIESE JOHNSON,           )
                                    )
              Plaintiff,            )
                                    )
         v.                         )   Civil Action No. 21-1919
                                    )
KILOLO KIJAKAZI,                    )
*Acting Commissioner of Social Security*,   )
                                    )
              Defendant.            )


O R D E R


AND NOW, this 14th day of March, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

1

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705

(3d Cir. 1981)).[1]

---

[1]      Plaintiff raises a number of arguments as to why she believes the Administrative Law
Judge ("ALJ") erred in finding her to be not disabled.  The Court finds no merit in any of
Plaintiff's various contentions and instead finds that the ALJ's decision is supported by
substantial evidence.

Plaintiff first argues that the ALJ erred in failing to consider her pseudoseizures under
Listing 12.15 for trauma and stressor-related disorders, 20 C.F.R. Part 404, Subpart P, Appendix
1, rather than under Listing 11.02 for epilepsy, at Step Three of the sequential analysis.  Plaintiff
argues that, pursuant to Listing 11.00H(1), pseudoseizures are not epileptic seizures for the
purpose of Listing 11.02 and are instead to be evaluated under the mental disorders body
system listings contained in Section 12.00.  She sets forth the reasons why she believes her
conditions satisfy the criteria of Section A of Listing 12.15 and then argues that the record
reflects that she had minimal capacity to adapt to changes in her environment or to demands that
are not already part of her daily life consistent with the requirements of Section C of the listing.
Based on this analysis, she contends that the ALJ should have found her disabled at Step Three.
The Court disagrees.

While the ALJ did consider whether Plaintiff's pseudoseizures met or equaled Listing
11.02, she *also* performed a detailed analysis pursuant to Listing 12.15, considering all of
Plaintiff's mental impairments singly and in combination.  (R. 19-22).  This analysis *expressly*
included Plaintiff's seizure-like activity associated with her anxiety.  (R. 20).  As Plaintiff
acknowledges, to meet Listing 12.15, a claimant must meet the criteria of Section A of the
listing, and either the requirements of Section B or Section C.  Regardless of whether Plaintiff's
pseudoseizures met the criteria set forth in Section A, the ALJ specifically found that none of
Plaintiff's mental impairments, alone or in combination, satisfied the requirements for Sections B
or C, and therefore that Listing 12.15 had not been met or equaled.

Plaintiff does not address the ALJ's analysis as to why Section B of the listing was not
met or equaled, but rather argues that she met Section C by providing a lengthy string cite to
various parts of the record.  (Doc. No. 11, p.22).  However, such an argument is too under-
developed and conclusory to be addressed by the Court.  *See Hyer v. Colvin*, No. CV 15-297-
GMS, 2016 WL 5719683, at *11 (D. Del. Sept. 29, 2016) ("'It is not enough merely to present
an argument in the skimpiest way, and leave the Court to do counsel's work – framing the
argument, and putting flesh on its bones through a discussion of the applicable law and facts.'")
(quoting *Ve Thi Nguyen v. Colvin*, No. C13-882, 2014 WL 1871054, at *2 (W.D. Wash. May 8,
2014)).  In any event, Plaintiff does no more than ask the Court to come to its own conclusion
based on the evidence to which she generally cites.  If supported by substantial evidence, though,
the Commissioner's decision must be affirmed, as a federal court may neither reweigh the
evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft
v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v.
Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642

F.2d at 705).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  Here, more than substantial evidence supports the ALJ's determination that the requirements of Listing 12.15(C) had not been met.

Plaintiff next asserts that the ALJ failed to properly evaluate the opinion evidence in formulating her residual functional capacity ("RFC").  She, in fact, alleges that the ALJ failed to consider the opinions of her treating physicians at all under 20 C.F.R. §§ 404.1520c and 416.920c, and further, that these opinions were entitled to controlling weight.  This argument fails on several levels.

First, none of the statements from her treating physicians that Plaintiff alleges should have been evaluated as medical opinions qualify as an opinion pursuant to the Social Security Administration's regulations.  As to physicians' statements that Plaintiff met the criteria for an intellectual disability or that were generally supportive or unsupportive of Plaintiff's ability to work or her Social Security disability claim,  as the ALJ herself noted, it is well established that such statements are not binding on the ALJ, as opinions as to whether a claimant is disabled or unable to work is reserved to the Commissioner of Social Security.  *See* 20 C.F.R. §§ 404.1520b(c)(3)(i) and 416.920b(c)(3)(i).  In regard to the other physician statements Plaintiff claims should have been evaluated as opinions, they simply do not constitute opinions pursuant to the regulations.  Medical opinion evidence consists of a statement or statements "from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D)."  20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).  Evidence from a medical source that is neither an opinion nor objective medical evidence (*e.g.*, "medical signs" or "laboratory findings") is categorized as "Other medical evidence."  *Id.* §§ 404.1513(a)(3), 416.913(a)(3).  This category of evidence "includ[es] judgments about the nature and severity of [the claimant's] impairments, [his] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  *Id.*  The records to which Plaintiff points are frankly just part of treatment notes and offer no opinion as to what she can still do despite her impairments or whether she meets or equals a listing.  Indeed, the ALJ expressly discussed this in her decision, indicating that she had considered such statements but not treated them as medical opinions.

Second, even if the statements from Plaintiff's physicians were to be considered as opinions, they would not be entitled to controlling weight under the relevant regulations.  For cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule."  *Compare* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853.  *See also* §§ 404.1520c(b), (c) and 416.920c(b), (c).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc.

No. 12) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

The ALJ evaluated the two statements qualifying as medical opinions in the record, those of state reviewing agents Susan Turner, Psy.D., and Paul Fox, M.D.  (R. 26).  She found them persuasive as to the limitations to which they opined and specifically discussed how they related to the determination of Plaintiff's RFC.  The ALJ's analysis was thorough and comprehensive and complied with 20 C.F.R. §§ 404.1520c and 416.920c.

Finally, Plaintiff argues that the ALJ improperly relied on her use of public transit, her role as primary caretaker for her daughter, and her ability to dress and groom herself, to prepare quick meals, to do household chores, and to shop in stores in finding her to be not disabled. However, it is well-established that although Plaintiff's activities of daily living may not alone support a finding of non-disability, there was nothing inappropriate in the ALJ considering those activities in evaluating the severity of Plaintiff's symptoms and limitations.  *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011).  The Court further notes that the ALJ based her decision on far more than these activities, including the opinion evidence, objective medical evidence, and Plaintiff's treatment history.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings.  The Court will therefore affirm.

4